## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY NOVAK,** | ) | CASE NO. 1:17-cv-02148 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| **THE CITY OF PARMA, et al.,** | ) | **DEFENDANTS CITY OF PARMA,** |
| | ) | **KEVIN RILEY, AND THOMAS** |
| Defendants. | ) | **CONNOR'S REPLY TO PLAINTIFF'S** |
| | ) | **MOTION FOR PRELIMINARY** |
| | ) | **INJUNCTION** |

Defendants City of Parma, Kevin Riley, and Thomas Connor file this brief in opposition to plaintiff Anthony Novak's motion for a temporary restraining order (TRO) and preliminary injunction. Novak's motion seeks an order granting him immunity from prosecution in the City of Parma and an advisory opinion that unspecified future speech is already protected by the First Amendment.

The motion suggests that there has been a "threat of prosecution," but this is not so. Defendants have made no threat. The motion fails because Novak cannot show the requisite "certain and immediate" irreparable harm.[1] Novak claims that he has a subjective fear of future prosecution, but provides no factual basis supporting that fear besides the defendants claiming in the instant lawsuit that his legal claims are meritless. Case law shows that a "hypothetical threat of prosecution is not an 'immediate,' 'irreparable' injury that warrants the 'extraordinary

---

[1] *D.T. v. Sumner County Schools*, 942 F.3d 324, 326 (6th Cir. 2019).

remedy' of a preliminary injunction."[2]  Novak's unsubstantiated fear of prosecution is not sufficient to merit an injunction or TRO.

Novak's motion is also based on a flawed reading of the Sixth Circuit's opinion, suggesting that the issue of whether the defunct Facebook page at issue was protected parody has already been decided.  In fact the opinion states the opposite, that it is not proper to determine whether the page was parody before full discovery.[3]

Novak's motion is nothing more than an attempt to apply pressure at the upcoming case management conference on January 15, 2020.  It was filed at 8:00 pm on Friday, January 10, 2020 after years of litigation and months after the case was remanded so that the defendants would not have a chance to fully respond by January 15 and the Court would not have time to issue an order.  Nothing has happened since removal that makes a TRO or injunction necessary.  There is no reason for this Court to issue a TRO or preliminary injunction that prematurely declares unspecified future speech protected by the First Amendment or enjoin defendants from prosecuting plaintiff when they have no plans on doing so.

### I. Issue Presented

Whether this Court should issue a temporary restraining order declaring that defendants are legally prohibited from enjoining Novak's future speech, and declaring that defendants are prohibited from retaliating against Mr. Novak for future speech?

### II. Introduction

This case is still at an early stage.  It was filed in September, 2016, but soon after dismissed without prejudice.  It was re-filed on November 10, 2017.  In January, 2018, defendants filed motions to dismiss the complaint for failure to state a claim.  The Sixth Circuit

---

[2] *Id.* at 327.
[3] *Novak v. City of Parma*, 932 F.3d 421, 424, 428 (6th Cir. 2019).

issued a ruling on July 29, 2019 and remanded the case. The parties have attempted private mediation twice and have not yet conducted depositions or finished paper discovery. On November 26, 2019, the Court set an initial case management conference for January 15, 2020. (ECF No. 36).

Novak's motion was filed at approximately 8:00 pm on Friday, January 10, 2020,[4] and seeks an emergency order prohibiting defendants from taking any further action to chill or retaliate against "his parodic speech." (ECF No. 38, Page ID 2035). Despite seeking an emergency restraining order, there is nothing time-sensitive in the motion. There is no claim, nor could there be, that defendants have made any threat to prosecute Novak, criticize anything he is engaged in currently, shut down any existing web page, or retaliate against him in any way. Nothing has changed since this case was first filed that would require a preliminary injunction or TRO. The motion was filed only as leverage for the January 15, 2020 conference and continued settlement discussions, and to attempt to bait this Court into declaring his defunct Facebook page protected parody when the Sixth Circuit specifically declined to do so.

Plaintiff's motion does not specific what "similar conduct" Novak plans that he fears will subject him to criminal prosecution. (ECF No. 38, Page ID 2035). He claims that at one point he "made a Facebook page called City of Parma School District" that was a "parody" account.[5]

---

[4] Defendants reserve the right supplement this opposition and either submit a revised version or supplement it with additional research and case law. On January 13, 2020, this Court ordered defendants to file a response to Novak's motion by noon on January 14, 2020. This puts defendants' attorneys at a significant disadvantage in the briefing. Novak's motion is sixteen pages long, contains a statement and exhibits, and clearly took opposing counsel longer than a single work day to research, draft, and finalize. Defendants should be allowed equal time to respond if this Court seriously entertains Novak's filing.

[5] As explained further in this response, defendants have no plans of prosecuting Novak for this or any post. However, his actions may be improper under Facebook's current Community Standards, which were instituted in response to the 2016 election controversy. Standards Nos.

3

(*See* Declaration of Anthony Novak, ECF No. 38-1, Page ID 2052). He put up one "long ridiculous post about ways the school district will deal with losing the money," but within two hours took it down because he was riddled with fear and anxiety. He "has not made a parody page since. I have too much fear and anxiety about doing so." (*Id.*) The existence of this page is news to defendants, who never saw it or approached plaintiff about it.

Novak's fervent desire to create "parody" pages about the government is manufactured in conjunction with this lawsuit. Defendants sent Novak written discovery requests in November, 2019. His written responses[6] claim that the extent of his prior satirical works consists of a high school "MySpace" account where he pretended to be a pack of cigarettes, another MySpace account where he pretended to be a member of the Klu Klux Klan, an account where he pretended to be America Online, and a page where he commented on women's professional wrestling. Despite this complete lack of interest before this suit at satirizing the government, he is now so committed to doing so that he has petitioned the Court for a blank check allowing him to post whatever he wants.

The filing argues that because defendants "remain unrepentant about their actions" they are "prepared to investigate and prosecute him for the same or similar conduct." (*Id.* at Page ID

---

Nos. 17 and 20 provide: "Authenticity is the cornerstone of our community. We believe that people are more accountable for their statements and actions when they use their authentic identities. That's why we require people to connect on Facebook using the name they go by in everyday life," and "In line with our commitment to authenticity, we don't allow people to misrepresent themselves on Facebook, use fake accounts, artificially boost the popularity of content, or engage in behaviors designed to enable other violations under our Community Standards. This policy is intended to create a space where people can trust the people and communities they interact with."
 https://www.facebook.com/communitystandards/misrepresentation.

[6] Novak provided written response to interrogatories in early January, but sent his document production a month late at 11:57 pm on January 13, 2020, apparently so it could be claimed to the Court on January 15 that the documents were produced, but so defendants did not have a chance to review them.

4

2035).  Defendants do remain unrepentant about their "actions."  The defendant officers are honest, take pride in their work, and took great pains to make sure the investigation into Novak was proper.  They did so by seeking the advice of the law director and obtaining warrants from a neutral magistrate at every step until the case was handed over to Cuyahoga County, which made the independent decision to prosecute plaintiff, indict him before a grand jury, and proceed to trial.  The trial judge then overruled a motion to dismiss and let the matter go to verdict.  Defendants did nothing that should subject them to legal liability, and look forward to disproving the half-truths and outright fabrications in the complaint.

However, the second claim, that defendants are "prepared to investigate and prosecute him for the same or similar conduct" is baseless.  The motion argues that defendants assert that "they remain free to [arrest him] all over again."  (*Id.* at p. 2, Page ID 2036).  Defendants take no such position, and Novak's counsel should be ashamed for even including it in the public filing.  Neither Novak's sixteen page motion nor his Declaration contain any statements by defendants that they care what Novak does online, much less that they intend to prosecute or arrest him for it.  The fact that defendants contest the salacious and untrue allegations in the complaint about an investigation that concluded years ago does not mean that they plan to do anything to plaintiff in the future.  They don't.  Novak's motion cannot and should not be considered a response to any actual threat.  He can point to no specific actions by defendants that lead to the conclusion that they intend to prosecute him.

Novak's motion suggest that he intends to post the same or similar content as forms the basis of this suit, and states that the Sixth Circuit has declared the now extinct page protected parody.  (ECF No. 38, Page ID 2043, 2045, claiming the "Sixth Circuit rejected all Defendants' arguments against a finding of protected parody").  It didn't.  The decision in fact states:

Novak's Facebook page was either a protected parody in the great American tradition of ridiculing the government or a disruptive violation of state law. Maybe both. At this stage, we decide only whether the officers are entitled to qualified immunity….

*Novak v. City of Parma*, 932 F.3d 421, 424 (6th Cir. 2019).

It goes on to state that deciding whether the page is protected parody is simply not proper at this stage of the case:

***Whether Novak's page was a protected parody is a question of fact that we cannot answer at this stage****. See Hustler*, 485 U.S. at 57, 108 S.Ct. 876 ("The Court of Appeals interpreted the jury's finding to be that the ad parody was not reasonably believable, and in accordance with our custom we accept this finding." (internal quotation marks and citation omitted)). Instead, the jury will have to answer that question. At this stage, though, Novak has alleged enough facts that a reasonable jury could find that his page was a parody.

*Id.* at 428 (emphasis added).

This Court should not take the extraordinary and completely unnecessary step of going far beyond the Sixth Circuit's opinion and needlessly declaring that Novak is entitled to Constitutional protection on future, unspecified speech, and that defendants are legally enjoined from enforcing the laws of the State of Ohio with respect to whatever Novak may plan to do in the future.

### III. Law and Argument

A preliminary injunction is "an extraordinary and drastic remedy," and plaintiffs must make a "clear showing" that they are entitled to such relief.[7] A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."[8] It requires an incredibly stringent

---

[7] *S. Glazer's Distribs. Of Ohio, LLC v. Great Lakes Brewing Co.,* 860 F.3d 844, 849 (6th Cir. 2017)

[8] *Taylor v. Corizon Medical Corporation*, 2018 WL 2437561, (E.D. MI May 10, 2018) (citing *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000)

amount of proof, even more than that required to survive a summary judgment motion.[9] This burden becomes even more stringent when a plaintiff is not seeking an injunction simply to keep the status quo pending resolution of the case, but to obtain affirmative relief, as Novak seeks to do in this matter.[10] Motions seeking these types of preliminary injunctions must be more strongly scrutinized than the "already-disfavored motion for preliminary injunction" which seeks to preserve the status quo.[11]

Four factors determine when a court should grant a preliminary injunction: "(1) whether the party moving for the injunction is facing immediate, irreparable harm, (2) the likelihood that the movant will succeed on the merits, (3) the balance of equities, and (4) the public interest."[12]

Plaintiff cites *County Sec. Agency v. Ohio Dept. of Commerce,* 296 F.3d 477 (2002) in arguing that there is only only relevant factor in a First Amendment case, and that the four factos "collapse into a determination of whether restrictions on First Amendment rights are justified to protect competing constitutional rights."[13] However, that case discussed overturning a prior order by the court judicially restricting certain communications, and considered the standard to apply in "reviewing a preliminary injunction with First Amendment implications" in a case "when a district court issues a TRO."[14] This skepticism is not present in this case where neither party is seeking to enjoin speech. Rather, Novak is seeking an affirmative order allowing him to engage in future speech that is not currently forbidden or even hindered.

---

[9] *Id.*
[10] *Id.*
[11] *Id.* (citing *Schrier v. Univ of Colorado*, 427 F.3d 1253, 1259 (10th Cir. 2005); *Johnson v. Kay*, 860 F.2d 529, 540 (2d Cir. 1988)).
[12] *D.T. v. Sumner County Schools*, 942 F.3d 324, 326 (6th Cir. 2019) (citing *Benisek v. Lamone*, ----U.S. ----, 138 S. Ct. 1942, 1943-22, 201 L.Ed.2d 398 (2018) (per curiam); 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2948 (3d ed. 1995 & Supp. 2019)).
[13] *Id.* at p. 485.
[14] *Id.*

7

Indeed, case law recognizes that even in First Amendment cases a court should balance the four factors. "To determine whether it should grant relief, the district court balances four factors – not one – even in First Amendment cases."[15] When the court reviews likelihood of success on the merits for a preliminary injunction analysis, "we independently apply the Constitution, but we still defer to the district court's overall balancing of the four preliminary-injunction factors."[16]

Further, "although the *extent* of an injury may be balanced against other factors, the *existence* of an irreparable injury is mandatory."[17] Thus, if there is no immediate, irreparable harm, the court may base denial solely on the absence of that factor.[18] Additionally, the standard for obtaining a TRO in the Sixth Circuit is the same as for obtaining a preliminary injunction.[19]

### A. Mr. Novak is not facing immediate, irreparable harm.

A preliminary injunction is warranted only if a plaintiff can show "certain and immediate" irreparable harm absent such relief.[20] There must be an actual or imminent injury to satisfy the irreparable harm factor.[21] "If the plaintiff isn't facing imminent irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit."[22]

---

[15] *Platt v. Board of Com'rs on Grievances and Discipline of Ohio Supreme Court*, 769 F.3d 447, 453-54 (6th Cir. 2014) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932, 95 S.Ct. 2561 (1975) (separately balancing "irreparable injury" in a First Amendment case).
[16] *Id.*
[17] *Sumner County Schools*, 942 F.3d at 326.
[18] *Id.*
[19] *Hitachi Automotive Sys. Americas, Inc. v. TI Automotive Ligonier Corp.* 2019 WL 1877288, at *4 (E.D. Ky.Apr.26, 2019).
[20] *Sumner County Schools*, 942 F.3d at 327, (quoting *Mich. Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.3d 150, 154 (6th Cir. 1991)).
[21] *Abney v Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006).
[22] *Id.* at 327 (citing *Friendship Materials, Inc. v. Mich. Brick, Inc.,* 679 F.2d 100, 103 (6th Cir. 1982); *see also* Wriht et al., *supra*

Although courts sometimes see the factors as a balancing test, "even the strongest showing of the other three factors cannot eliminate the irreparable harm requirement."[23]  In *Sumner County Schools*, the court discusses the irreparable injury factor as "the single most important prerequisite for the issuance of a preliminary injunction," and results in an abuse of discretion when the district court "grants a preliminary injunction without making specific findings of irreparable injury."[24]  Alleging irreparable harm is not enough; it must be substantiated and cannot be speculative.[25]

As a result of being a dispositive factor, the court may stop the inquiry after finding no irreparable injury.[26]  When one factor is dispositive like irreparable harm, a court need not consider the others and base the denial solely on lack of an irreparable injury.[27]

Novak argues the basis for the preliminary injunction is fear of prosecution for his posts. However, his subjective fear is not enough to merit an injunction.  A "hypothetical threat of prosecution is not an 'immediate,' 'irreparable' injury that warrants the 'extraordinary remedy' of a preliminary injunction."[28]

The motion is based on the flawed argument that there is some sort of prior restraint on Novak's speech when there isn't, and states that there is a threat of criminal sanctions when there isn't.  (ECF No. 38, Page ID 2039).  The specter of prosecution in this case is hypothetical. Novak's motion claims that because defendants have and continue to rebut the legal and factual

---

[23] *Id.* at 326-327 (citing *Friendship Materials,* 679 at. 105)
[24] *Id.*
[25] *Abney,* 443 F.3d at 552.
[26] *Sumner County Schools*, 942 F.3d at 326.
[27] *Id.* at 326; *Id.* at 327 (citing *S. Milk Sales, Inc. v. Martin,* 924 F.2d 98, 103 (6th Cir. 1991)(finding the court did not abuse discretion when denying preliminary injunction solely based on a failure to show irreparable injury).
[28] *Id.* at 327 (citing *Benisek*, 128 S. Ct. at 1943; *Mich Coal. Of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)).

claims in this lawsuit they have malevolent future intentions. This is a pure fabrication. There is no ***actual threat*** of future prosecution[29] to satisfy the irreparable harm requirement and warrant a preliminary injunction. Indeed, Novak does not even specify the exact speech that he believes will result in prosecution. This Court should therefore not issue a TRO or preliminary injunction.

### B. *Mr. Novak is not likely to succeed on the merits.*

While it is true that a party does not need to prove its case in full in a preliminary injunction hearing, "in order to establish success on the merits of a claim, a plaintiff must show more than a mere possibility of success."[30] "[A] preliminary injunction does not follow as a matter of course from a plaintiff's showing of a likelihood of success on the merits."[31] "Rather, a court must also consider whether the movant has shown 'that he is likely to suffer irreparable harm in the absence of preliminary relief. ...'"[32] In *Sumner County Schools*, the moving party was found to have not made that showing. As the court in *Sumner City Schools* stated after denying the argument that the plaintiffs would have success on the merits, "if they are right on the merits of their claims, the courts will be here to grant relief."[33]

In this case there are no "merits" to examine. Novak is asking for an order allowing him to engage in future, unspecified speech which may or may not be protected by the First Amendment. He may be seeking to re-post the Facebook page at issue in this case. However,

---

[29] For example, Novak's motion may be appropriate to file if there were pending charges against him. There aren't, and surely his lawyers can be relied upon to bring the issue to the Court's attention when and if that situation occurs in the future.

[30] *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007) (citing *Univ. of Texas v. Camensich*, 451 U.S. 390, 101 S.Ct. 1839 (1981)); *Id.* (citing *Six Clinics Holding Corp. v. Cafcomp Sys., Inc.*, 119 F.3d 393, 402 (6th Cir. 1997) (citing *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 n. 4 (6th Cir. 1997)).

[31] *Sumner County Schools*, 942 F.3d at 327-328 (citing *Benisek*, 138 S. Ct. at 1943–44).

[32] *Id.*

[33] *Id.*

the Sixth Circuit specifically chose *not* to decide whether it was protected parody, instead stating that the issue would have to be decided with the benefit of full discovery, which would include an examination of the page without having to rely exclusively on the complaint, which notably *did not* attach documents such as screen shots and a full inventory of user content.

### C. Mr. Novak does not prevail in a balancing of equities.

The third factor is also described as an examination of whether the injunction would cause substantial harm to others including defendants.[34] A blanket order that prohibited defendants from enforcing any law within Parma's borders would cause substantial harm to the City and its officers. It is overcomplicated and unnecessary, and would put Novak in a new class of citizens that can evade police oversight based on an overbroad and unnecessary order.

### D. Public interest does not favor an injunction.

Mr. Novak seeks a blanket order forbidding Parma from prosecuting him for what his lawyers consider speech, but we know little else about his future plans. He essentially seeks diplomatic immunity for future actions in Parma for anything that could even arguably be tied to speech. This offensive 'get out of jail free card' would not advance the interests of the public, which could conceivably be put in danger by actions posts that include impermissible 'fighting words.' The Sixth Circuit has held that the public interest factor does not always tilt toward the party with claimed First Amendment rights.[35]

---

[34] *County Sec. Agency,* 296 at 485.
[35] *American Freedom Defense Initiative v. Suburban Mobility Authority for Regional Transportation* , 698 F.3d 885, (6th Cir. 2019) (finding that that the public interest would not be served by upholding a preliminary injunction even when the First Amendment is at issue).

## IV. Conclusion

In order to justify a preliminary injunction, an injury "must be both certain and immediate, not speculative or theoretical."[36] Novak will not suffer any certain or immediate harm. Any harm stated in plaintiff's motion is purely speculative and theoretical, and thus not enough to warrant a preliminary injunction or TRO.

Respectfully submitted,

/s/Steven D. Strang
**STEVEN D. STRANG (0085444)**
**GALLAGHER SHARP LLP**
Sixth Floor Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 44115
(216) 241-5310 (phone)
(216) 241-1608 (fax)
sstrang@gallaghersharp.com
*Attorney for Defendants City of Parma,*
*Kevin Riley, and Thomas Connor*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Steven D. Strang
**STEVEN D. STRANG (0085444)**
**GALLAGHER SHARP LLP**
*Attorney for Defendants City of Parma,*
*Kevin Riley, and Thomas Connor*

---

[36] *Sumner County Schools*, 942 F.3d at 327.