# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY NOVAK,** | ) | CASE NO.  1:17-cv-02148 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| **THE CITY OF PARMA, et al.,** | ) | **DEFENDANTS CITY OF PARMA,** |
| | ) | **KEVIN RILEY, AND THOMAS** |
| Defendants. | ) | **CONNOR'S MOTION TO COMPEL** |
| | ) | **DEPOSITON OF PLAINTIFF ANTHONY** |
| | ) | **NOVAK** |

Defendants City of Parma, Kevin Riley, and Thomas Connor file this motion to compel the deposition of plaintiff Anthony Novak pursuant to Fed. R. Civ. P. 37(a).  This motion is the culmination of a nearly two month effort by defendants to unsuccessfully depose Novak in early January, before the January 15, 2020 case management conference.  Opposing counsel has now taken the position that he will not produce Novak for a deposition until all paper discovery is completed.  Defendants have made numerous, good faith attempts[1] to resolve this issue and now seek Court assistance securing a date for the deposition in the coming weeks.

1. **Defendants' efforts to depose plaintiff before the January 15, 2020 case management conference.**

This case was remanded to the District Court by the Sixth Circuit after a motion to dismiss ruling in early August, 2019.  On August 13, 2019, the parties had a phone conference

---

[1] The emails attached establish defendants' good faith effort to resolve with plaintiff's counsel the issue that is the subject of this motion.  Undersigned counsel certifies, as required by Loc. R. 37.1(a)(1) that he has made a sincere good faith effort to resolve the issues raised herein.

with the Court where they agreed to private mediation. Mediation took place on September 20, 2019 and was not successful. On October 10, 2019 this Court issued an order that the parties continue efforts to resolve the matter and setting an in-person status conference for January 15, 2020. (The initial entry states it is a phone conference, but that was quickly amended to be in-person.) A second private mediation took place on November 20, 2019, which was also unsuccessful.

On November 20, 2019, defendants sent a letter to opposing counsel stating: "We want to depose your client. Please provide us with dates for the deposition before our conference in January with the Court."[2] Opposing counsel proposed December 2, 2019.[3] Defendants promptly replied that they would like written discovery responses before the deposition and asked for a date in early January, 2020.[4] Defendants sent written discovery requests on November 25, 2019, which were due in late December, 2019.[5]

On November 25, 2019 opposing counsel acknowledged receipt of the discovery requests and suggested depositions occur after written discovery.[6] However, defendants did not receive written discovery requests, so followed up on December 18, 2019, once again asking for "a few dates for your client's deposition in early January, before our conference with the Court."[7] Opposing counsel responded on December 19, 2019[8] that his "schedule has filled" and that he is "also overscheduled attending to year-end activities at the firm going into the Holidays," that he expects to provide discovery responses by early to mid January despite having never asked for or

---

[2] The letter is attached as Exhibit A.
[3] The email is attached as Exhibit B. Opposing counsel referenced prior request for the officers' depositions. Defendants have no memory of such a request.
[4] The email is attached as Exhibit C.
[5] The email sending the discovery is attached as Exhibit D.
[6] The email is attached as Exhibit E.
[7] The email is attached as Exhibit F.
[8] The email is attached as Exhibit G.

2

received an extension, and that he proposed doing depositions from February 11-13, opining that is a "more workable and orderly schedule for this (and most) litigation."

Defendants responded on December 20, 2019[9] that they have been requesting a January date for a month, the November 25 email suggests depositions take place after written discovery but Novak never sent any, and that Novak's responses were due in a week.  It also notes that the Court specifically allowed discovery before the January 15, 2020 conference, and that defendants have been frustrated with their inability to get more information about plaintiff's claims before January 15, 2020.

Defendants sent a follow-up on December 31, 2019[10] noting that the written discovery is now overdue, and that defendants "need the responses to evaluate the case before the case management conference."  Defendants also noted that they repeatedly asked for Novak's deposition before the case management conference in the hope that it could be more productive than the private mediations, which stalled in part because no discovery was conducted.

2. **Opposing counsel's position that Novak will not sit for a deposition until all paper discovery is completed.**

On January 2, 2020[11] opposing counsel sent a letter (1) enclosing the overdue interrogatory responses but not the responsive documents,[12] (2) sending written discovery requests to defendants and stating an extension would not be provided for the admission responses,[13] (3) unilaterally declaring that "fact-witness and party depositions in this case will be scheduled after paper discovery is fully exchanged," and (4) enclosing notices of deposition for

---

[9] The email is attached as Exhibit H.
[10] *Id.*
[11] The letter is attached as Exhibit I.
[12] The documents were provided just before midnight on Monday, January 13, 2020, too late to be reviewed before the January 15, 2020 conference.
[13] In the same letter providing the late interrogatory responses and stating that the document production was not ready, no less.

defendants for February 11-13. The letter did not provide a date for Novak's deposition, reasoning that it was not needed before January 15 because counsel did not think it would change defendants' position on settlement.

Defendants responded on January 10, 2020[14] stating that the notices of deposition were issued without consultation about the dates and would not be honored; that defendants have been pressing for Novak's deposition in January for more than a month to no avail; that there is no basis for withholding Novak's deposition until defendants responded to written discovery that was not timely issued; and that defendants have pushed for discovery before January 15, 2020 in the hopes of more productive settlement discussions but those efforts have been frustrated.

**3. Defendants request that this Court assist them in deposing Novak.**

Defendants now request that this Court assist them in securing a date for Novak's deposition in the coming weeks. They do not wish to wait until all written discovery is complete before deposing him, and do not think they should have to.

                    Respectfully submitted,

                    /s/Steven D. Strang
                    **STEVEN D. STRANG (0085444)**
                    **GALLAGHER SHARP LLP**
                    Sixth Floor Bulkley Building
                    1501 Euclid Avenue
                    Cleveland, Ohio  44115
                    (216) 241-5310 (phone)
                    (216) 241-1608 (fax)
                    sstrang@gallaghersharp.com
                    *Attorney for Defendants City of Parma,*
                    *Kevin Riley, and Thomas Connor*

---

[14] The letter is attached as Exhibit J.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January 2020, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/Steven D. Strang
**STEVEN D. STRANG (0085444)**
**GALLAGHER SHARP LLP**
*Attorney for Defendants City of Parma,*
*Kevin Riley, and Thomas Connor*