

Established in 1912
www.gallaghersharp.com

PLEASE RESPOND TO CLEVELAND OFFICE

STEVEN D. STRANG, ESQ.
216-522-1037
sstrang@gallaghersharp.com

January 10, 2020

Subodh Chandra **(Via Email Only: Subodh.Chandra@ChandraLaw.com)**
The Chandra Law Firm LLC
The Chandra Law Building
1265 W. 6th Street, Suite 400
Cleveland, OH 44113.1326

Re:   *Anthony Novak v. The City of Parma, et al.*

Dear Mr. Chandra:

Your unilateral notices of deposition are in direct violation of Local Rule 30.1(b)(1), which states that "Counsel are expected to make a timely and good faith effort to confer and agree to schedules for the taking of depositions....Except where good cause exists, no Notices of Deposition or Subpoena can issue prior to a scheduling conference with opposing counsel."

You have not made a good faith effort to agree to a schedule for the depositions, and certainly did not conduct a scheduling conference with us. Rather, in response to my repeated request for your client's deposition you sent an email on December 19 stating that you were too "overscheduled attending year-end activities" to provide our discovery responses in a timely manner or provide your client for deposition and that your firm was on a "much-needed break," and "I propose February 11–13 and will hold those days on my calendar as best I can through the first week of January." You then unilaterally issued the notices. We never agreed to February 11-13 for depositions.

You are on notice that we consider the notices a nullity and **our witnesses will not be appearing.** We can discuss those dates further if you wish during the requisite "scheduling conference," which you have not sought.

Discovery in this case will not take place only when convenient to you. We have been asking for more than a month now for the deposition of your client in early January and you have refused again and again to provide a date, apparently in the hopes that the case will go away before that takes place or because of year-end personal obligations. (See November 21, 2019 email and numerous follow-up emails.) You did say on November 25 that you would like to do depositions after we both received discovery responses, but then failed to get out written discovery until January. We are entitled to your client's deposition, and need not wait until we provide you

CLEVELAND
Sixth Floor Bulkley Building
1501 Euclid Avenue
Cleveland, OH 44115
216.241.5310 PHONE
216.241.1608 FAX

COLUMBUS
35 North Fourth Street
Suite 200
Columbus, OH 43215
614.340.2300 PHONE
614.340.2301 FAX

DETROIT
211 West Fort Street
Suite 660
Detroit, MI 48226
313.962.9160 PHONE
313.962.9167 FAX

TOLEDO
420 Madison Avenue
Suite 1250
Toledo, OH 43604
PHONE
FAX



January 10, 2020
Page 2

discovery responses to depose Mr. Novak. We have tried again and again to comply with Local Rule 30.1 to schedule your client's deposition and have been repeatedly put off and ignored. Our next step is taking the issue up with the Court.

You letter states that you will not provide an extension for the requests for admission. I note that we sent you discovery on November 25, 2019 that has still not been fully answered, although you have neither sought nor been granted an extension. Your document production is now weeks overdue and has materially prejudiced our ability to evaluate the case before the case management conference.

You state that "there is nothing the defense will learn from Mr. Novak's deposition that it does not already know." Both mediations have revealed a fundamental difference of opinion on case value, and in an attempt to learn more about your position we have pushed for discovery before the January 15, 2020 case management conference in the hopes that it can be productive. You have willfully rebuffed our efforts.

Thank you,

*/s/Steven D. Strang*

Steven D. Strang
SDS/pkb

cc:  Timothy Dobeck (*law@cityofparma-oh.gov*)
     Ashlie Case Sletvold
     Brian D. Bardwell
     John Travis

www.gallaghersharp.com