# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY NOVAK,** | ) | CASE NO. 1:17-cv-02148 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| **THE CITY OF PARMA, et al.,** | ) | **DEFENDANTS CITY OF PARMA,** |
| | ) | **KEVIN RILEY, AND THOMAS** |
| Defendants. | ) | **CONNOR'S BRIEF IN OPPOSITION TO** |
| | ) | **PLAINTIFF ANTHONY NOVAK'S** |
| | ) | **MOTION TO UNSEAL GRAND-JURY** |
| | ) | **TESTIMONY AND RELEASE** |
| | ) | **TRANSCRIPTS** |

Defendants the City of Parma, Kevin Riley ("Mr. Riley"), and Thomas Connor ("Mr. Connor") (collectively, "Defendants") respectfully submit this brief in opposition to Plaintiff Anthony Novak's ("Plaintiff") Motion to Unseal Grand-Jury Testimony and Release Transcripts (Plaintiff's "Motion to Unseal").  For the reasons set forth below, Mr. Riley and Mr. Connor are entitled to absolute immunity for their testimony in Plaintiff's criminal case, *State v. Anthony Novak* (Cuyahoga County Court of Common Pleas Case No. CR-16-604767-A), and as such, Plaintiff should not be able to use their testimony *for any purpose* in his civil trial, including impeachment.  Allowing Plaintiff to use their testimony to hold them civilly liable in this case would defeat the purpose of this immunity, and runs counter to Sixth Circuit precedent in *Vaughan v. City of Shaker Heights*, 514 Fed.Appx. 611, 613–14 (6th Cir. 2013).

I.  **Mr. Riley and Mr. Connor Enjoy Absolutely Immunity for their Grand Jury Testimony.**

The Supreme Court in *Rehberg v. Paulk*, 566 U.S. 356, 363, 132 S.Ct. 1497, 182 L.Ed. 2d 593 determined that testimony before a grand jury is a "governmental function that [has been] historically viewed as so important and vulnerable to interference by means of litigation that some form of absolute immunity from civil liability [i]s needed to ensure that [it is] performed '*with independence and without fear of consequences*.'" (quoting *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967)) (Emphasis added). Whether before a trial court or grand jury, "[w]ithout absolute immunity for witnesses … the truth-seeking process … would be impaired." *Rehberg*, 566 U.S. at 367, 132 S.Ct. 1497. A witness facing potential civil consequences for their testimony "might be reluctant to come forward to testify, and even if a witness took the stand, the witness might be inclined to shade his testimony in favor of the potential plaintiff for fear of subsequent liability." *Id.* (Internal quotations omitted).

Before a grand jury, "a witness' fear of retaliatory litigation may deprive the tribunal of critical evidence." *Id.* Further, there is no need for "the deterrent of potential civil liability … to prevent perjurious testimony … because *other sanctions–chiefly prosecution for perjury– provide[] a sufficient deterrent.*" *Id.* (Emphasis added and citation omitted). "Since perjury before a grand jury, like perjury at trial, is a serious criminal offense … there is no reason to think that this deterrent is any less effective in preventing false grand jury testimony." *Id.*

II. **Mr. Riley and Mr. Connor's Grand Jury Testimony should Not be Unsealed, Nor the Transcripts Released.**

    1.  **Releasing the testimony would effectively defeat absolute immunity.**

Allowing Mr. Riley and Mr. Connor's grand jury testimony to be used by Plaintiff in this civil suit against them, arising in part from their allegedly false grand jury testimony, would be

akin to allowing Plaintiff to sue them for said testimony. Plaintiff should not be allowed to circumvent Mr. Riley and Mr. Connor's absolute immunity by effectively suing them for their testimony under a different guise.

The plaintiff in *Rehberg* sent anonymous faxes to the management of a Georgia hospital criticizing the hospital's management and activities. *Id*. at 359, 132 S.Ct. 1497. In response, the defendant, the chief investigator at the local district attorney's office, launched a criminal investigation against the plaintiff, allegedly as a favor to the hospital's leadership. *Id*. The defendant testified against the plaintiff before a grand jury on three (3) separate occasions, resulting in three (3) separate indictments on various charges, all of which were dismissed. *Id*. at 359–60, 132 S.Ct. 1497. The plaintiff brought suit under 42 U.S.C. § 1983 alleging that the investigator-defendant conspired to present and did present false testimony to the grand jury. *Id*. at 360, 132 S.Ct. 1497.

The court found that the defendant was entitled to absolute immunity for his allegedly false grand jury testimony, which included allegations that the plaintiff assaulted a hospital physician after unlawfully entering his home, far more disparaging than Mr. Riley and Mr. Connor's alleged testimony. *Id*. at 359–60; 375, 132 S.Ct. 1497.

That the Plaintiff in *Rehberg*, like Mr. Riley and Mr. Connor, testified as a member of law enforcement did not affect his entitlement to absolute immunity. "If police officer witnesses were routinely forced to defend against claims based on their testimony, their energy and attention would be diverted from the pressing duty of enforcing the criminal law." *Id*. at 368–69, 132 S.Ct. 1497 (Internal quotation omitted). The Court reasoned that law enforcement witnesses face even more pressure to testify truthfully than lay witnesses, as they may be subject to "loss of their jobs and other employment-related sanctions" if they are caught committing perjury. *Id*. at

369, 132 S.Ct. 1497. As such, disclosing the testimony of Mr. Riley and Mr. Connor before the grand jury in this civil case against them would be akin to defeating the well-reasoned rule of absolute immunity, and in contravention to the aims that absolute immunity for grand jury testimony advances.

### 2. The relevant factors favor non-disclosure of Plaintiff's grand jury proceedings.

The "indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)) (Internal quotation omitted). Courts consider whether grand jury confidentiality should be maintained using these factors:

(1) To prevent the escape of those whose indictment may be contemplated;

(2) To insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors;

(3) To prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it;

***(4) To encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes***; and

(5) To protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Id.*; *In re Petition for Disclosure of Evidence Presented to Franklin Cty. Grand Juries in 1970*, 63 Ohio St.2d 212, 219 (Ohio 1980) (Emphasis added).

Here, only the fourth factor is relevant. While a grand jury's proceedings may be disclosed in some instances, "[t]he grounds for disclosure of the proceedings must be demonstrated with particularity and reflect a narrowly tailored and compelling need." *U.S. v. Pegross*, 2008 WL 474066, at *2 (E.D. Mich. Feb. 14, 2008). To meet this "standard, a party

4

must establish that: (1) the material sought is necessary to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is structured narrowly to cover only the material needed." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 60 L.Ed. 2d 156 (1979)).

Plaintiff argues that the fourth *Gamble* factor favors disclosure, claiming that "career law-enforcement officers … don't need encouragement to share information, and … won't be deterred by disclosure of their grand-jury testimony[.]"  (Motion to Unseal, p. 8.)  As set forth above, Plaintiff's claims are in direct contravention to the reasoning of the Supreme Court, which determined that law enforcement officers are *at least* as subject to pressure to curtail their grand jury testimony as lay citizens.  *Rehberg*, 566 U.S. at 369, 132 S.Ct. 1497.

Plaintiff cites to *Wheatt v. City of East Cleveland*, 2017 WL 3392485 (N.D. Ohio Aug. 8, 2017), an unreported case, to support his proposition that disclosure is necessary due to his "particularized need." (Motion to Unseal, p. 8.)  The court in *Wheatt* found that disclosure of the grand jury testimony of police officers that may have led to the wrongful imprisonment of the plaintiff for twenty (20) years was necessary, but is distinguishable from Plaintiff's case.  The court in *Wheatt* found that disclosure was appropriate in part because the testifying officers allegedly never presented exculpatory evidence to the prosecutors who conducted the grand jury and over two decades had passed since the grand jury convened.  2017 WL 3392485, at *3. Plaintiff alleges that Mr. Riley and Mr. Connor testified only approximately four years ago, and does not allege that that they failed to present exculpatory evidence, merely that they may have lied to the grand jury.[1]

---

[1] Plaintiff claims that Mr. Connor "did not tell the judicial officers that the page was a joke" but also admits that this was merely his opinion. (Motion to Unseal, p. 4.) *See Merrill v. Golik*, 2013 WL 5176844, at *17 (W.D. Wash. Sept. 13, 2013) ("[The plaintiff] makes the novel and

5

The Sixth Circuit in *Vaughan v. City of Shaker Heights*, 514 Fed.Appx. 611, 613–14 (6th Cir. 2013), wherein a plaintiff who was wrongfully convicted of rape brought malicious prosecution and other charges against officers who testified at his grand jury proceeding, found that "*Rehberg* indisputably allows officers the defense of any § 1983 claim premised upon grand jury testimony" and refuse to release the testimony in the civil suit. Interpreting *Rehberg*, the court found that disclosing the grand jury testimony of the officers would be akin to defeating qualified immunity. *Id*.

### III. Conclusion.

Under the Supreme Court's decision in *Rehberg*, Mr. Riley and Mr. Connor are entitled to absolute immunity for their testimony in the grand jury proceeding that led to Plaintiff's indictment. Allowing Plaintiff to use their testimony to hold them civilly liable in this case would defeat the purpose of this immunity, and runs counter to Sixth Circuit precedent in *Vaughan*. For these reasons, as set forth more fully above, Defendants respectfully request that Plaintiff's Motion to Unseal be denied.

Respectfully submitted,

/s/Steven D. Strang
**STEVEN D. STRANG (0085444)**
**GALLAGHER SHARP LLP**
1215 Superior Avenue
7th Floor
Cleveland, Ohio  44114
(216) 241-5310 (phone)
(216) 241-1608 (fax)
sstrang@gallaghersharp.com
***Attorney for Defendants City of Parma,***
***Kevin Riley, and Thomas Connor***

---

baseless assertion that the 'exculpatory' evidence was the prosecutor's conclusion that she did not think she could win the case. That is not exculpatory[.]").

## CERTIFICATE OF SERVICE

      I hereby certify that on this 17th day of July 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/Steven D. Strang
**STEVEN D. STRANG (0085444)**
**GALLAGHER SHARP LLP**
*Attorney for Defendants City of Parma,*
*Kevin Riley, and Thomas Connor*