**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ANTHONY NOVAK,** | ) |
| **Plaintiff,** | )   **CASE NO: 1:17-CV-2148** |
| | ) |
| **v.** | )   **Judge Dan Aaron Polster** |
| | ) |
| **CITY OF PARMA,** | )   <u>**OPINION AND ORDER**</u> |
| | ) |
| **Defendant.** | ) |
| | ) |

Before the Court is Plaintiff Anthony Novak's Motion to Unseal Grand-Jury Testimony and Release Transcripts, **Doc #: 79**. For the following reasons, Novak's Motion is **GRANTED**.

## I.      Background

Novak seeks the grant jury transcripts of Lieutenant Kevin Riley and Detective Thomas Conner from *State v. Anthony Novak*, Cuyahoga C.P. Case No. CR 16-604767 to be used in the pending suit before this Court. Novak Initially requested that the Cuyahoga County Court of Common Pleas, where the grand jury was seated (the "supervising court"), provide this Court with a written evaluation for the need of continued grand jury secrecy or issue an order directing the release of the requested grand jury transcripts. Doc #: 79-2 at 1. The state court declined to do either. Instead, because its COVID-19 procedures prevented briefing and hearings, it referred the matter to this Court and instructed that the grand jury testimony only be released if this Court finds that Novak's "particularized need for the testimony outweighs the need for secrecy of grand jury proceedings." Doc #: 79-1 at 3.

Novak then filed the pending Motion, Doc #: 79, to which the City of Parma responded, Doc #: 83, and Novak replied, Doc #: 84.

## II.   Discussion

### A.  Applicable Law

Novak's Motion and the subsequent briefs contain a mixture of arguments based on Ohio and federal law, presumably because the state court's referral discussed Ohio law. While Ohio and federal law are similar as to when grand jury material should be released, they are not identical.[1] Accordingly, the Court must address whether to apply Ohio or federal law before reaching the substance of Novak's Motion.

Ohio state supervising courts are authorized to release grand jury evidence where justice so requires. *In re Petition for Disclosure of Evidence Presented to Franklin County Grand Juries in 1970*, 63 Ohio St.2d 212, 218 (Ohio 1980). But "[f]ederal courts are not bound by Ohio's rule on grand jury transcript production." *Wheatt v. City of E. Cleveland*, Case No. 1:17-CV-0037, 2017 U.S. Dist. LEXIS 125214, *4 (N.D. Ohio Aug. 8, 2017). Instead, a federal court may authorize disclosure of a grand jury matter pursuant to Federal Rule of Criminal Procedure 6(e). *Id.*; Fed. R. Crim. P. 6(e)(3)(E).

Accordingly, this Court reviews Novak's motion under federal law despite the state court's referral suggesting it should do otherwise. The Supreme Court instructs that where the supervising court is unfamiliar with a present lawsuit, the better practice is for the supervising court to send a

---

[1] For example, both Ohio and federal law requires a finding of "particularized need." Federal case law has developed a three-prong test for finding a particularized need, *Douglas Oil Co v. Petrol Stops Northwest*, 441 U.S. 221, 225 (1979), whereas no Ohio case has explicitly applied the three-prong test. *See State v. Roberts*, 50 Ohio App. 2d 237, 246 (Ohio Ct. App. 5th Dist. 1976) ("the decisions of the United States Supreme Court on the subject of "particularized need" are predicated on the supervising power of that court over the inferior federal courts, rather than on constitutional grounds requiring state court compliance by reason of the due process clause of the Fourteenth Amendment to the United States Constitution.").

written evaluation of the need for continued grand jury secrecy to the court with the pending case. *Douglas Oil Co v. Petrol Stops Northwest*, 441 U.S. 221, 225, 253 (1979). The court with the pending case may then evaluate whether to release grand jury evidence. *Id.* Here, the state court is unfamiliar with the present lawsuit, as shown by the state court's referral, and has declined to inform this Court of the need for continued grand jury secrecy. This Court now reviews Novak's Motion without the aid of the state court.

A party moving to unseal grand jury testimony must show a particularized need. *In Re Antitrust Grand Jury*, 805 F.2d 155, 160 (6th Cir. 1986). Particularized need is found where "(1) the material sought is necessary to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure outweighs the need for continued secrecy; and (3) the request is structured narrowly to cover only the material needed." *United States v. Dimora*, 836 F. Supp. 2d 534, 552-53 (N.D. Ohio 2011) (citing *Douglas Oil*, 441 U.S. at 228).

### B. Application of Law

Novak has shown a particularized need for the grand jury transcripts of Lieutenant Kevin Riley and Detective Thomas Conner. Access to the transcripts is necessary to avoid a possible injustice. Novak must prove that there was no probable cause for the criminal prosecution to succeed on his malicious prosecution claim. *Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015). A grand jury indictment generally "conclusively determines the existence of probable cause." *Id.* (citing *Barns v. Wright*, 449 F.3d 709, 713 (6th Cir. 2006)). "An exception to this general rule applies when defendants knowingly or recklessly present false testimony to the grand jury to obtain the indictment." *Id.* (citing *Martin v. Maurer*, 581 Fed.App'x 509, 511 (6th Cir. 2014)). Accordingly, Novak requires access to the grand jury transcripts of Riley and Conner, who

he believes presented false testimony to the grand jury, to rebut the presumption of probable cause.[2]

Novack's need for disclosure outweighs the need for continued secrecy. Grand jury secrecy is favored for the following reasons:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*United States v. Proctor*, 356 U.S. 667, 681 n.6 (1958).

The City of Novak asserts that continued secrecy is needed because to release grand jury materials would inhibit officers' willingness to testify before a grand jury. Doc #: 83 at 5. This argument is not well taken. Officers continue to have absolute immunity from any § 1983 claims arising from the grand jury testimony. Unsealing the testimony to rebut the presumption of probable cause will not likely impact the officers' wiliness to testify. Indeed, other courts in this district have found that the need for continued grand jury secrecy is slight where the criminal proceeding has concluded and no further criminal proceeding is expected. *See Wheatt*, 2017 U.S. Dist. LEXIS 125214, at *7; *Jones v. City of Elyria*, Case No. 1:18-cv-929, 2018 U.S. Dist. LEXIS 144445, at *16-17 (N.D. Ohio Aug. 24, 2018). This Court agrees.

---

[2] Novak also asserts that the grand jury testimony is needed as impeachment evidence to show that Connor and Riley are not credible because three years have passed since the grand-jury proceedings. Doc #: 79 at 12-13. The Court is not persuaded. Novak merely speculates that the passage of time renders the officer's recollection unreliable. Doc #: 79 at 13. Such speculation is inadequate. *See Walker v. Stanforth*, Civil Action 2:17-cv-1037, 2019 U.S. Dist. LEXIS 87613, at *17 (S.D. Ohio May 24, 2019) ("'speculation' that grand jury materials may allow a litigation to impeach a witness, to refresh his recollection, or to test his credibility 'does not satisfy the particularized need standard.'").

Finally, Novak's request is narrowly structured. Novak only requests the grand jury transcripts of Lieutenant Kevin Riley and Detective Thomas Conner, who he believes presented false testimony to a grand jury to obtain an indictment against him.

### C.  Absolute Immunity

The City of Parma asserts that the Court should not unseal the transcripts because doing so would effectively defeat qualified immunity. Doc #: 83 at 3. The City of Parma is incorrect. Grand jury witnesses have absolute immunity from § 1983 claims based on their testimony. *Rehberg v. Paulk*, 566 U.S. 356 (2012). But Novak's malicious prosecution claim is not based on Riley or Connor's grand jury testimony, it is based on their prosecution of Novak. The grand jury testimony is merely relevant to rebut the presumption of probable cause.

### III.    Conclusion

For the above reasons, Novak's Motion, **Doc #: 79**, is **GRANTED**. This Court directs the Cuyahoga County Court of Common Pleas and the Chief Court Reporter for Cuyahoga County to release the grand jury transcripts of Lieutenant Kevin Riley and Detective Thomas Conner. The transcripts can be found at Cuyahoga County Court of Common Pleas Docket Number CR 16-604767.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster July 30, 2020____*
**Dan Aaron Polster**
**United States District Judge**