**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY NOVAK,** | ) | **CASE NO. 1:17-cv-02148** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **THE CITY OF PARMA, et al.,** | ) | **REPLY IN SUPPORT OF DEFENDANTS** |
| | ) | **CITY OF PARMA, THOMAS CONNOR,** |
| Defendants. | ) | **AND KEVIN RILEY'S MOTION FOR** |
| | ) | **RECONSIDERATION OF PLAINTIFF'S** |
| | ) | **MOTION FOR EXTENSION TO** |
| | ) | **CONDUCT DISCOVERY AND PROVIDE** |
| | ) | **EXPERT DISCLOSURE** |
| | ) | |
| | ) | *(Expedited decision requested)* |

Defendants City of Parma, Thomas Connor, and Kevin Riley, by and through undersigned counsel, respectfully submit this reply in support of their motion for reconsideration of Plaintiff's motion for extension to conduct discovery and provide expert disclosure.

Plaintiff does not in fact request a "rebuttal" expert but rather seeks to reopen expert discovery after having seen Defendants' motions for summary judgment, and retain a new expert to provide opinions tailored to Defendants' arguments. Plaintiff's request comes nearly a year after this Court set a case management schedule that Plaintiff expressly agreed to; five months after being told Defendants were considering an expert; three months after Plaintiff's expert report was due; and more than thirty days after receiving the Ryan report in violation of Civil Rule 26(a)(2)(D)(ii).

Plaintiff now seeks to retain a mystery professor of law who will supposedly offer undisclosed (and perhaps unformulated) opinions on unspecified portions of Ryan's report. Plaintiff has not proffered the facts or the bases for those opinions. Accordingly, Plaintiff has not demonstrated, factually or legally, entitlement to a Civil Rule 56(d) extension to submit a rebuttal expert report at this late date. Defendants were unable to find any other case where a plaintiff was allowed to obtain a new expert to defeat a qualified immunity defense after discovery was concluded and the summary judgment motions were filed at the Court's deadline. They believe granting Plaintiff's improper request would be without precedent, improper, defy all convention, result in manifest injustice to Defendants, and must be denied.

I. **Plaintiff has been Less than Forthcoming about what He Wants and Why. It Appears that the Real Reason for Plaintiff's Request is that He Now Realizes He May Lose on Summary Judgment.**

Defendants are mindful that this is a motion for reconsideration and that the Court initially allowed the extension. However, they submit that the Court's decision was made based on a misleading motion, and that with the aid of additional briefing this Court should reach a different result.

Plaintiff's original motion suggested that Plaintiff was shocked by the expert deadlines and Defendants' decision to retain an expert, using words like "surprise" and that Plaintiff "did not know what to expect." (ECF No. 109, PageID No. 22928.) Defendants attached two letters to their motion for reconsideration showing this is not true – Plaintiff was aware in mid-July that Defendants were considering an expert. Plaintiff completely ignores this stunning omission in his opposition. (ECF No. 113.)

The original motion also suggests that the *content* of Ryan's report came as a surprise because "it addresses issues that are irrelevant, or properly in the province of the jury, fact

2

witnesses, or jury instruction." (ECF No. 109, PageID No. 22928.) Defendants pointed out that if this were true, Plaintiff should have immediately requested leave to provide a rebuttal expert or asked for a deposition for the "cross-examination of the defense expert" that would "reveal many flaws and false assumptions in his opinion—indeed, reveal incorrect and inadmissible statements of law." (*Id.* at PageID No. 22929.) Plaintiff did not, and instead waited until the summary judgment motions were in hand.

Plaintiff's opposition abandons the argument that Defendants obtaining an expert was a surprise or that Ryan's report was shocking, as he must because neither is true. He now makes the only argument left, that it was "*Defendants' interpretation* of Jack Ryan's report, as set forth in their summary judgment briefs," that was unexpected. (ECF No. 113, Page ID No. 23000.) This argument is puzzling, and far less convincing. If this were true, Plaintiff should attack the mis-summarization in his brief in opposition to summary judgment, not obtain a mysterious university professor to provide still undisclosed opinions in rebuttal. Indeed, Plaintiff's motion does not provide any meaningful clarity into exactly what testimony Plaintiff intends to obtain from this anonymous academic. The "Declaration of Subodh Chandra" states that he will "provide opinions specifically addressing Jack Ryan's opinions and Defendants' contentions about best practices for First Amendment training." (*Id*. at Page ID No. 23013.) But if Ryan's opinions are inadmissible, why should Plaintiff need an expert to provide rebuttal testimony that presumably would also be inadmissible? If the opinions *are* admissible, why did counsel not secure an expert when he got Ryan's report in October, or ask to depose Ryan? If counsel still thinks the problem lies in a mis-summarization of the opinions, why not just point this out in the briefing?

The only logical answer to any of these questions is that they are not the real reason Plaintiff is seeking an untimely expert opinion. Counsel – an experienced civil rights lawyer – made the tactical decision not to retain an expert, and not to depose Ryan after reviewing his report. However, the case law Defendants cited in their motions for summary judgment shows that police officers who, in good faith, rely on the advice of city attorneys are entitled to qualified immunity. It appears that only after reviewing this case law did Plaintiff realize that he stood a real chance of having this case thrown out.

However, a misapprehension of the governing law is not a legitimate basis for a Civil Rule 56(d) extension to obtain a rebuttal expert. Rather, Civil Rule 56(d) provides for an extension when "facts are unavailable to the nonmovant." There is not even an allegation here that "facts" were "not available" to Plaintiff. Plaintiff had every opportunity to obtain the facts needed to rebut Defendants' legal theories. This is exactly the type of situation summary judgment is designed to address. Plaintiff's last ditch effort is improper under Civil Rule 56(d) and should be denied.[1]

## II.     The Opposition Memorandum Shows this is Not a True Rebuttal Report.

Plaintiff's opposition further proves that Plaintiff does not seek a true rebuttal report. The Declaration of Subodh Chandra is clear that "Mr. Novak has asserted a claim that the City of Parma failed to provide adequate training to its officers on First Amendment free-speech rights, as shown in paragraphs 7, 49, 112, and 275 through 286 of the First Amended Complaint" and

---

[1] Plaintiff's opposition is misleading in several additional key areas because it is not forthright. Plaintiff's proposed "Order" would have this Court state that there are "facts Plaintiff intends to discover." (ECF No. 113-1, Page ID No. 23012.) Yet, the "Declaration of Subodh Chandra" explicitly states that "Based on the existing record, we do not intend to initiate any further discovery beyond producing the rebuttal-expert report." (ECF No. 113-2, Page ID No. 23013.) Indeed, the proposed Order makes a blanket assertion that Plaintiff has met the specificity requirements of Civil Rule 56(d), yet the Declaration that must support the Order does not even address what the elements for Civil Rule 56 relief.

that the expert will provide opinions about "best practices for First Amendment training." (ECF No. 113-2, Page ID No. 23013.) But this failure to train claim is one of the key allegations in the complaint. *Taylor v. Brandon*, 3:14-CV-0588-DJH, 2018 WL 3581142, at *2 (W.D. Ky. Jan. 30, 2018) ("if the evidence or opinion offered in rebuttal is evidence or an opinion that the Plaintiff ordinarily would be expected to offer in support of one or more of the elements of its cause of action, then such evidence or opinion is not 'real' rebuttal evidence and may properly be excluded on such ground by the district court.").

Plaintiff should have disclosed an expert on training by this Court's expert deadline because the failure to train claim is, as admitted by Plaintiff, at the heart of his complaint. Plaintiff claims the expert will state that Parma failed to train its officers. That is an element of the *Monell* cause of action. Plaintiff elected *not* to obtain an expert in support of the claim, and should not now upend the case schedule to do so. Allowing a plaintiff to retain a *brand new* expert to address the conclusions of a defendant's expert simply because they were surprising or shocking would upend the Civil Rules and every case management order the undersigned has ever seen, which require a plaintiff to disclose an expert *first*; allow the defendants to respond; allow expert discovery; and then when all expert and lay discovery is finished the parties may file for summary judgment. Granting Plaintiff his requested relief would allow litigants to ignore with impunity case management orders and completely invert a normal case schedule. This cannot be allowed because it is the antitheses of a just, speedy, and inexpensive dispensation of litigation.

**III.** **Allowing Plaintiff to Craft His Expert's Report After Seeing Defendants' Summary Judgment Arguments is Unjust and Prejudicial.**

As established above, Plaintiff's expert will not in fact "rebut" Jack Ryan's report, but rather, will offer a wholesale competing analysis of the facts of this case to no doubt reach a

5

different conclusion regarding the propriety of Defendants' actions. Defendants' summary judgment arguments will be irreparably compromised if Plaintiff is allowed to tailor his expert's report around them. The time for Plaintiff to obtain, or seek leave to obtain, such a witness was before he saw Defendants' summary judgment arguments and he has offered no compelling explanation for why he did not do so.

The opposition does not even attempt to rebut Defendants' showing of prejudice. Defendants justifiably relied on the dates that this Court set with respect to discovery, expert disclosures, expert discovery, and motions for summary judgment. Their attorneys spent hours composing motions based on the record as it existed at the time, and their expert, Mr. Ryan, authored an extensive report based on the same record, which Defendants presumed to be complete. Those efforts would be wasted if the Court were to allow Plaintiff the unprecedented advantage of shopping around for an expert specifically tailored to rebut the motions for summary judgment.

The Defendants would have to wait months for a summary judgment ruling while Plaintiff's expert is given time to get up to speed. It is particularly galling that this litigation would be on hold because this unknown college professor has more pressing business, and cannot even get around to reviewing the record until he is finished with administrative teaching tasks. Plaintiff has leveled spiteful, untrue, and deeply personal attacks against the Defendant Officers in the complaint and during depositions, including but not limited to claims that Tom Connor lied under oath on multiple occasions and that the Defendant Officers had some sort of personal grudge against Plaintiff. The Officers are decent, hardworking, and honest public servants who risk their lives every day to serve the community they love. They do not deserve having the black cloud of this litigation hang over them while Plaintiff is given leave to reset

expert discovery. They deserve a prompt ruling on their motions.

## IV. Plaintiff Fails to Meet the Requirements of Civil Rule 56(d).

"Rule 56(d) is intended to provide a mechanism for the parties and the court 'to give effect to the well-established principle that the plaintiff must receive a full *opportunity* to conduct discovery to be able to successfully defeat a motion for summary judgment.'" *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-CV-1285, 2012 WL 1340369, at *2 (S.D. Ohio April 17, 2012) (emphasis added, quoting *Cardinal v. Metrish*, 564 F.3d 794, 797 (6th Cir. 2009)). "Likewise, it is improper to grant summary judgment if [the party seeking Rule 56(d) relief] is given an insufficient *opportunity* for discovery." *Dish Network LLC v. Fun Dish Inc.*, No. 1:08-CV-1540, 2011 WL 13130841, at *3 (N.D. Ohio Aug. 12, 2011) (emphasis added, citing *White's Landing Fisheries, Inc. v. Bucholzer*, 29 F.3d 229, 231–232 (6th Cir. 1994)). Of course, in this case Plaintiff had every *opportunity* to conduct the discovery to support his claims. That he may now regret the focus of discovery is not a factor under Civil Rule 56(d).

### A. The Declaration does not satisfy the elements for a Rule 56(d) extension.

Plaintiff's original motion for extension failed to include an affidavit, which is alone grounds for reconsidering the order granting it. Counsel's belated statement in support of his Rule 56(d) motion is insufficient. The required affidavit must "indicate to the district court [the party's] need for discovery, what material *facts* [the party] hopes to uncover, and *why* [the party] has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) (emphasis added). The motion should be denied when the movant "makes only general and conclusory statements [ ] regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [claim] to be discovered." *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999).

7

"Rule 56[(d)] may not be invoked by the mere assertion that … specific facts necessary to oppose summary judgment are unavailable[.]" *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir.1986).

The Sixth Circuit has identified five factors to consider when ruling on a Rule 56(d) motion:

> (1) when the [party seeking discovery] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would ... change[ ] the ruling ...; (3) how long the discovery period has lasted; (4) whether the [party seeking discovery] was dilatory in its discovery efforts; and (5) whether the [party moving for summary judgment] was responsive to discovery requests.

*CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008). The movant's "burden is somewhat elevated in qualified immunity cases because officials have 'a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery.'" *Gomez v. Martin*, 593 F. App'x 756, 760–61 (10th Cir. 2014) (quoting *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir.2001)). These factors weigh decisively in favor of denial here, where Plaintiff has submitted a statement with four substantive paragraphs that meet none of these factors.

Discovery in this case has been ongoing for over a year, and Plaintiff helped set the discovery schedule via joint proposed order. Plaintiff has been highly dilatory in his discovery efforts, as his counsel has missed multiple expert deadlines and indicated in July that he did not intend to call an expert, but now attempts to turn back the clock and delay a ruling on summary judgment by months to change his strategy.[2] Plaintiff was on notice that that the Defendants

---

[2] Civil Rule 26(a)(2)(D)(ii) provides that if a trial order does not contain specific expert deadlines a rebuttal report must be provided "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." Civil Rule 26(a)(2)(B) clarifies that this rebuttal disclosure "must be accompanied by a written report" that includes all opinions, facts, and data. Defendants do not believe this Court's scheduling order contemplates identification of new rebuttal expert witnesses, so Civil Rule 26(a)(2)(D)(ii) does not apply to Plaintiff's request.

8

were considering retaining an expert since at least July, and waited more than a month after receiving Ryan's report to even request time to retain a rebuttal expert. This of course subjects Defendants to further expense and the rigors of litigation, from which they should be protected by qualified immunity.

Finally, Plaintiff has made no allegation that Defendants were unresponsive to discovery requests, nor could he – discovery in this case was disproportionally burdensome given the minimal damages. Defendants timely disclosed Ryan's report and in no way prevented Plaintiff from consulting with or retaining an expert. Further, there has been ample "opportunity" to conduct discovery.

### B. Rule 37 prevents late expert disclosure without good cause, and there is no good cause in this case.

Fed.R.Civ.P. 37(c)(1) provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Rule 26(e)(2) requires disclosure of experts at the time specified by the court. Under *Borg v. Chase Manhattan Bank USA, N.A.*, 247 Fed.Appx. 627 (6th Cir. 2007), Plaintiff should be prohibited from reopening expert discovery for lack of good cause. The plaintiffs in *Borg* sought to disclose their expert multiple months after the deadline and after they had seen the defendants' motions for summary judgment. *Id*. at 636. They contended that their failure to timely disclose their expert was justified by their inability to afford one before the summary

---

Yet if it did, an actual rebuttal expert *report* would have been due November 13, 2020. Yet, Plaintiff did not even seek leave to start the process of obtaining a rebuttal report until November 19, nearly a week later. This is another date that was missed, and another reason this request is dilatory.

judgment briefs were filed and was harmless because trial would not be delayed. *Id*. The Sixth Circuit prevented the plaintiffs from using their expert's testimony at summary judgment or trial because their "untimely disclosure was not substantially justified." *Id*. at 637. As in the instant case, "[c]ounsel for both parties agreed on the deadlines set forth in the … scheduling order." *Id*. The Sixth Circuit identified one of the glaring flaws in the argument Plaintiff presents here: "If plaintiffs intended to hire an expert witness to support their negligence claim but were unable to do so before the expert disclosure deadline expired, ***they could have sought an extension of the deadline from the district court. … Plaintiffs have not explained why they failed to seek an extension[.]***" *Id*. Further, and also like in this matter, "there [wa]s no suggestion that [the defendants] w[ere] aware of plaintiffs' intent to supply expert testimony, or of [their expert's] identity, before plaintiffs filed a response to [the] motion for summary judgment." *Id*. This is fatal to Plaintiff's request in this Circuit. *See Vaughn v. City of Lebanon*, 18 Fed.Appx. 252, 264 (6th Cir.2001) (denying late disclosure because plaintiff "never provided any expert reports or other information regarding experts at any time prior to the response" to defendant's motion for summary judgment); *Bowe v. CONRAIL*, No. 99–4091, 2000 WL 1434584, at *3 (6th Cir. Sept. 19, 2000) (denying late disclosure because plaintiff "made no efforts to ask for an extension of the deadline").

Plaintiff has offered even less justification than the plaintiffs in *Borg*; he simply claims that he was unable to obtain an expert within 30 days of Defendants' disclosure and that the expert discovery and dispositive motion deadlines were contemporaneous. Of course, Plaintiff's counsel agreed to these dates over a year ago in *a **joint** proposed case management schedule* and has been on notice since at least July that Defendants were contemplating retaining an expert. (ECF No. 36.) Plaintiff's late disclosure is hardly harmless. "[T]he advisory committee note to

Rule 37 "strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Borg*, 247 Fed.Appx. at 637. As in *Borg*, Defendants had no idea that Plaintiff intended to retain an expert, and Plaintiff even represented to them that he would not as shown in his July correspondence attached to Defendants' motion for reconsideration. Defendants will be substantially prejudiced by disclosure of Plaintiff's expert after they have spent hours composing their motions for summary judgment and have laid bare their legal theories and defenses.

The plaintiffs in *Hennigan v. Gen. Elec. Co.*, No. 09-11912, 2014 WL 4415954, at *1 (E.D. Mich. Mar. 25, 2014), moved for leave to identify a rebuttal expert over a month past the deadline despite the defendants' timely disclosing their expert as well as his anticipated testimony. The court denied the plaintiffs' motion under Rule 26(a)(2)(D)(ii) for lack of good cause. *Id*. at *2. The defendants' expert's report timely disclosed his opinion of the case and a statistical analysis. *Id*. He was then deposed and offered further opinions. *Id*. The plaintiffs did not rebut or move for leave to do so during the 30-day rebuttal period. *Id*. The court did not look kindly on the oversight and concluded that the "[p]laintiffs should have submitted a rebuttal expert disclosure and report within 30 days of [the defense expert's] report." *Id*. Even if that was impossible or impractical, "[t]o the extent that plaintiffs' rebuttal expert needed to modify or update his opinions based on [the defense expert's] testimony, that could have been done within a reasonable time[, not] nearly two months after the deadline expired." *Id*. Even if the Court lends credence to Plaintiff's claim that he could not timely retain a rebuttal expert, it should deny his motion based on his complete failure to communicate this or move for leave during the rebuttal period. Plaintiff's request to belatedly disclose a "rebuttal" expert is plainly improper under Rule 37 and must be denied.

## V. Sixth Circuit Case Law Shows that Allowing Further Expert Discovery in this Case is Immediately Appealable as an Implicit Denial of the Pending Motions for Summary Judgment.

Allowing discovery to oppose a timely filed motion for summary judgment based on qualified immunity is so prejudicial as to merit immediate review, which is an extraordinary remedy. As explained in the motion for reconsideration, *Skousen v. Brighton High Sch.,* 305 F.3d 520 (6th Cir.2002), *Everson v. Leis*, 556 F.3d 484, 488 (6th Cir. 2009), and *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir.2004), show that this issue is subject to an interlocutory appeal.

The Sixth Circuit recently reiterated that a defendant may take an interlocutory appeal from an order holding a qualified immunity motion for summary judgment in abeyance, and that such a ruling is an implicit denial of summary judgment, in *In re Flint Water Cases*, 960 F.3d 820, 829 (6th Cir. 2020):

> Snyder and Dillon [the appellants] have not pointed to a single case in which we permitted an immediate appeal from a discovery order like the one at issue here. They have, however, pointed to a couple of cases that they claim are close enough. *See Skousen v. Brighton High Sch.*, 305 F.3d 520, 525–26 (6th Cir. 2002); *Everson v. Leis*, 556 F.3d 484, 490–93 (6th Cir. 2009). In *Skousen* and *Everson*, for example, ***we held that we had jurisdiction over the district court's decisions to hold in abeyance summary judgment motions based on qualified immunity pending completion of discovery***. *Skousen*, 305 F.3d at 525–26; *Everson*, 556 F.3d at 490–93. There was a question as to whether we had jurisdiction over the orders holding the summary judgment motions in abeyance because we may entertain an appeal from the denial of summary judgment only if it presents issues solely of law. *Skousen*, 305 F.3d at 525 (citing *Mitchell*, 472 U.S. at 526–28, 105 S.Ct. 2806). We decided that we had jurisdiction to entertain the appeals because, even though the district courts denied summary judgment so that the parties could conduct more discovery, the decisions did not turn on the existence of a genuine issue of material fact. *Id.* at 526, 105 S.Ct. 2806; *Everson*, 556 F.3d at 493. ***We explained that it did not matter that the order denying summary judgment was styled as an order holding disposition of the motion for summary judgment in abeyance***. "If a district court can thwart interlocutory appeal by refusing to address qualified immunity through abeyance rather than dismissal, then the district court can effectively ignore this court's directive that district courts address qualified immunity promptly." *Everson*, 556 F.3d at 492. Snyder and Dillon assert that the district court's discovery order at issue here similarly is tantamount to a denial of qualified immunity. We disagree.

12

> The critical difference between *Skousen*/*Everson* and this case is that *Skousen* and *Everson* concerned a district court's delay in ruling on a motion for summary judgment on the issue of qualified immunity. ***The district courts temporarily denied the defendants' summary judgment motions to permit additional discovery—but we authorized the appeal because that decision operated, for our purposes, as a denial of summary judgment on the question of qualified immunity***. Thus, the orders at issue in *Skousen* and *Everson* fall into *Sinclair*'s second bucket for the types of rulings that are eligible for immediate interlocutory appeal. The orders in those cases were not discovery orders….

*Id.* at 829–30. (emphasis added.)³ Thus, even an order that simply delays ruling on a motion for summary judgment can be appealed. Allowing further expert discovery in this case would be even more prejudicial because it comes after discovery, after expert deadlines, and after Defendants filed for summary judgment on the date set by the Court and agreed by both parties almost a year earlier.

There is some case law suggesting that, in certain limited situations, a court may hold a motion for summary judgment in abeyance if filed *before the discovery deadline* and *before the plaintiff was able to conduct meaningful discovery* on key *facts*. However, there must be key facts still in dispute. *Smith v. Leis*, 407 Fed.Appx. 918, 924–25 (6th Cir. 2011) ("Although a district court may hold a motion for summary judgment raising claims of immunity in abeyance, it may do so only after inquiring whether any facts material to the plaintiff's claims are genuinely at issue and then making a finding that those material facts are in dispute."). In contrast, the motion in this case comes *after* Plaintiff had every opportunity to conduct full discovery, and Plaintiff seeks leave to obtain an expert opinion, not engage in factual discovery that was denied.

---

³ Defendants did not uncover *In re Flint Water Cases* researching their motion for reconsideration, and Plaintiff does not mention it in the opposition. The 2020 decision clarifies the earlier rulings and clearly provides this issue can be appealed because of its importance.

13

## VI. Conclusion.

For the reasons set forth above, the Court should reconsider Plaintiff's motion for extension, deny it in full, and reiterate that the prior (original) briefing schedule for Defendants' dispositive motion now stands unamended. Plaintiff retroactively seeks an expert to espouse on his case-in-chief, even if he will only testify during rebuttal at trial. Granting Plaintiff's motion would infringe on Defendants' right to qualified immunity protection and would irreparably harm both their right to a prompt ruling on their motions for summary judgment and their right to immunity from the continued rigors of litigation. Plaintiff's motion must be denied.

Respectfully submitted,

*/s/Steven D. Strang*
**D JOHN TRAVIS (0011247)**
**STEVEN D. STRANG (0085444)**
GALLAGHER SHARP LLP
1215 Superior Avenue, 7th Floor
Cleveland, Ohio  44114
(216) 241-5310 (phone)
(216) 241-1608 (fax)
jtravis@gallaghersharp.com
sstrang@gallaghersharp.com
***Attorneys for Defendants City of Parma,***
***Kevin Riley, and Thomas Connor***

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December, 2020 the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/Steven D. Strang*
**D JOHN TRAVIS (0011247)**
**STEVEN D. STRANG (0085444)**
***Attorneys for Defendant City of Parma, Kevin Riley, and Thomas Connor***